IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NASHEIM ROBINSON, | |
| Plaintiff, | Case No. 25-cv-3038 |
| v. | |
| Chicago Police Officers JEFFREY GOMEZ #8432, J. SALMERON #9459, and CITY OF CHICAGO, | *Jury demanded.* |
| Defendants. | |

## COMPLAINT AT LAW

NOW COMES Plaintiff NASHEIM ROBINSON, by his attorney, LAW OFFICE OF JORDAN MARSH LLC, and complaining of the defendants, JEFFREY GOMEZ, J. SALMERON, and CITY OF CHICAGO, and states the following:

### JURISDICTION AND VENUE

1. This action arises under the Constitution of the United States, particularly the Eighth and Fourteenth Amendments to the Constitution of the United States, under the laws of the United States, particularly the Civil Rights Act, Title 42 of the United States Code, Sections 1983 and 1988, and under the laws of the State of Illinois.

2. The jurisdiction of this Court is invoked under the provisions of Title 28 of the United States Code, 1331 and 1343. Plaintiff also invokes the supplemental jurisdiction of this Court pursuant to Title 28 of the United States Code, Section 1367.

1

3. This Court has jurisdiction over this action pursuant to Title 28 of the United States Code §§ 1331 and 1367, as Plaintiff asserts claims under federal law and the state law claims arise out of the same facts as the Federal claims. Venue is proper under Title 28 of the United States Code, § 1391(b)(2), as the events complained of occurred within this district.

**PARTIES**

4. At all times relevant herein, Plaintiff NASHEIM ROBINSON ("Nasheim") was a resident of the County of Cook, State of Illinois.

5. Defendants GOMEZ and SALMERON are sued in their individual capacities and were at all times relevant, sworn police officers employed by Defendant CITY OF CHICAGO, and were acting within the scope of their agency, service and/or employment with the CITY OF CHICAGO, and were acting under color of the statutes, ordinances, regulations, customs, and usages of the State of Illinois.

6. Defendant, CITY OF CHICAGO is a government entity operating within the State of Illinois. The CITY OF CHICAGO is responsible for the actions of its employees while acting within the scope of their employment. At all times relevant to this action, CITY OF CHICAGO was the employer of Defendants GOMEZ and SALMERON.

**FACTUAL ALLEGATIONS**

7. On or around September 21, 2024, Nasheim was in the passenger seat of his friend's car when Chicago police officers stopped them because the vehicle had an expired Indiana temporary registration.

2

8. The officers requested Nasheim's identification and conducted a name search that revealed an active warrant for an alleged incident that occurred in the city of Joliet on March 24, 2024, issued by Will County.

9. Defendant Officers told Nasheim to get out of the car, and said something about a warrant.

10. Nasheim indicated that it was not him.

11. Defendant officers arrested Nasheim and took him to the station.

12. Will County sent defendant officers the mug shot related to the March incident.

13. The mug shot was not of Nashiem.

14. Officer Gomez asked Nasheim if he had a neck tattoo. Nasheim responded he did not.

15. Officer Gomez told Nasheim that Will County had approved the warrant, that "guy kind of looked like you", and that if prints came back good Nasheim might be released.

16. The next day Nasheim was transferred to the County jail.

17. Officer Gomez filled in an Intrastate Hold Affidavit indicating that he did a fingerprint and photograph comparison between the person named on the warrant and Nasheim.

18. Nasheim was not the same person in the mug shot of the March incident.

19. The charges against Nasheim were dismissed on September 24, 2025, on information and belief via *Nolle Prosequi*.

20. Nasheim was finally released on September 25, 2024.

**COUNT I – FEDERAL CLAIM**
**FALSE ARREST**
**DEFENDANTS GOMEZ AND SALMERON**

21. Each paragraph of this Complaint is incorporated as if restated fully herein.

22. Defendants caused Nasheim to be arrested without probable cause to believe he had committed any crime or offense, in violation of the Fourth Amendment to the U.S. Constitution.

23. As a proximate result of Defendants' misconduct, Nasheim suffered loss of liberty, fear, mental anguish, humiliation and emotional pain and suffering

**COUNT II – FEDERAL CLAIM**
**UNLAWFUL DETENTION**
**DEFENDANTS GOMEZ AND SALMERON**

24. Each paragraph of this Complaint is incorporated as if restated fully herein.

25. Defendants caused Nasheim to be detained without probable cause to believe he had committed any crime or offense, in violation of the Fourth Amendment to the U.S. Constitution.

26. Alternatively, Defendant Officers detained Nashiem for an unnecessary and unreasonable amount of time under the circumstances.

27. As a proximate result of Defendants' misconduct, Nasheim suffered loss of liberty, fear, mental anguish, humiliation and emotional pain and suffering

**COUNT III – FEDERAL CLAIM**
**MALICIOUS PROSECUTION**
**DEFENDANT GOMEZ**

28. Each paragraph of this Complaint is incorporated as if restated fully herein.

29. Defendant Gomez accused Nasheim of criminal activity and exerted influence to initiate, continue, and perpetuate judicial proceedings against Nasheim without any probable cause for doing so, in violation of his rights secured by the Fourth and Fourteenth Amendments to the U.S. Constitution.

30. The criminal case against Nasheim terminated in a manner favorable to Nasheim and indicative of his innocence.

31. As a proximate result of Defendant Gomez's misconduct, Nasheim suffered loss of liberty, fear, mental anguish, humiliation and emotional pain and suffering.

## COUNT IV – STATE CLAIM
## FALSE ARREST/WRONGFUL IMPRISONMENT
## DEFENDANTS GOMEZ, SALMERON and CITY OF CHICAGO

32. Each paragraph of this Complaint is incorporated as if restated fully herein.

33. Defendants Gomez and Salmeron, and CITY OF CHICAGO, by and through its agents, Defendants Gomez, and Salmeron, restrained and/or arrested Nasheim without having reasonable grounds to believe he had committed any crime or offense.

34. Alternatively, Defendant Officers detained Nashiem for an unnecessary and unreasonable amount of time under the circumstances.

35. The criminal case against Nasheim terminated on September 24, 2024, in a manner favorable to Nasheim and indicative of his innocence.

36. As a proximate result of Defendants' misconduct, Nasheim suffered loss of liberty, fear, mental anguish, humiliation and emotional pain and suffering.

## COUNT V – STATE CLAIM
## MALICIOUS PROSECUTION
## DEFENDANTS GOMEZ and CITY OF CHICAGO

37. Each paragraph of this Complaint is incorporated as if restated fully herein.

38. Defendants Gomez, and CITY OF CHICAGO, by and through its agent, Defendants Gomez, initiated and continued criminal charges against Nasheim without probable cause and with malice.

39. The criminal case against Nasheim terminated on September 24, 2024, in a manner favorable to Nasheim and indicative of his innocence.

40. As a proximate result of Defendants' misconduct, Nasheim suffered loss of liberty, fear, mental anguish, humiliation, and emotional pain and suffering.

## COUNT VI – STATE CLAIM
## INDEMNIFICATION
## DEFENDANT CITY OF CHICAGO

41. Each paragraph of this Complaint is incorporated as if restated fully herein.

42. At all relevant times, CITY OF CHICAGO was the employer of Defendants Gomez and Salmeron.

43. Defendants Gomez and Salmeron committed the acts alleged above under color of law and in the scope of their employment as employees of the CITY OF CHICAGO.

44. Illinois law provides that government entities are directed to pay any tort judgment for any damages for which employees are liable within the scope of their employment activities.

45. Should Defendants Gomez and Salmeron be found liable on one or more of the claims set forth above, Plaintiff NASHEIM ROBINSON demands, pursuant to Illinois law, that their employer, Defendant CITY OF CHICAGO, be found liable for any judgment plaintiff obtains against Defendants Gomez and Salmeron, as well as attorney's fees and costs awarded, and for any additional relief this Court deems just and proper

## PRAYER FOR RELIEF

For the foregoing reasons, the Plaintiff NASHEIM ROBINSON, prays for judgment against Defendants in a fair and reasonable amount, including compensatory and punitive damages, attorney fees and costs, and for any additional relief this Court deems just and proper.

## **JURY DEMAND**

The Plaintiff NASHEIM ROBINSON, requests a trial by jury.

**DATED:** March 21, 2025

                                            Respectfully submitted,
                                            NASHEIM ROBINSON

                                            /s/ Jordan Marsh
                                            *Attorney for the Plaintiff*

**LAW OFFICE OF JORDAN MARSH LLC**
5 Revere Drive Suite 200
Northbrook, IL 60062
(224) 220-9000
jordan@jmarshlaw.com